TIMOTHY COURCHAINE
United States Attorney
District of Arizona
MICHELLE CHAMBLEE
Assistant U.S. Attorney
Arizona State Bar No. 023900
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: michelle.chamblee@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>     vs.<br><br>Rahmann Vache Benefield,<br><br>            Defendant. | 4:24-cr-05603-SHR-1<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

The United States of America, through its attorneys, respectfully submits the following sentencing memorandum for the sentencing hearing currently set for September 18, 2025, before the Honorable Scott H. Rash. The government respectfully requests a sentence to 16 months of imprisonment, followed by 36 months of supervised release.

The defendant, Rahmann Vache Benefield, guilty to a violation of Prohibited Possession of a Firearm and Ammunition 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(8). The government has reviewed the Presentence Report (PSR) and has no objection to the guideline calculations prepared and included therein, and requests that this Court accept the plea agreement.

The requested sentence of 16 months incarceration satisfies the 18 USC § 3553(a) factors, including: taken into consideration the nature, circumstances, and seriousness of the offense, avoiding unwarranted disparities between similarly situated defendants,

deterring future illegal activity, and protecting the public from the defendant.

In reviewing the nature, circumstances, and seriousness of the offense, the Court should consider the defendant's conduct, specifically, possessing two stolen firearms, ammunition, and narcotics all while on probation for a similar offense. A sentence of 16 months of incarceration takes in consideration the seriousness of the offense and the dangerousness of the offense..

Additionally, the requested sentence would deter future illegal activity, promote respect for the law, and protect the public from the defendant. First, the defendant has a significant criminal history of misdemeanor and felony offenses from the time he was 18 years of age until his 2024 conviction at the age of 40. (PSR at ¶¶ 28-40.) He was also on probation in his 2024 conviction on similar charges when he committed the current offense. (*Id*. at ¶ 40.)  Despite his criminal history, the longest term of imprisonment imposed was only 16 months for his 2004 conviction after he was revoked on probation. (*Id*. at ¶ 31.) A 16-month term of incarceration would deter future illegal activity and protect the community.

Given the nature of the offense and his criminal history, a sentence of 16 months imprisonment is appropriate and satisfies the 18 USC § 3553(a) factors. A 36-month term of supervised release to follow incarceration would provide an added measure of deterrence, which seems appropriate given his criminal history.

Respectfully submitted this 12th day of September, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Michelle Chamblee*
MICHELLE CHAMBLEE
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means this 12th day of September, 2025, to:

All ECF Participants

- 2 -